**Cite as: Opinion No. 97-024  (September 30, 1997)**
**(unpublished)**


**STATE'S ATTORNEYS ) COURTS AND JUDGES ) CLERKS OF COURT ) JUVENILE CAUSES) ELECTRONIC TRANSMISSION OF JUVENILE PETITIONS WITH DIGITIZED SIGNATURE**


September 30, 1997


*The Honorable Robert L. Dean*
*State's Attorney for Montgomery County*


You have requested our opinion concerning the affixing of your signature on juvenile petitions that you would transmit electronically to the clerk's office.  Specifically, you have asked if your signature may be affixed electronically in the clerk's office by use of a computer font.  You have also asked if the system may be designed so that court personnel, in performing routine system maintenance duties, would have access to the font and therefore could affix your signature to documents without authority to do so.  To respond to your questions, we also needed to consider a predicate issue: whether the electronic filing of a juvenile petition is permitted under the Maryland Rules.


Our opinion is as follows:


1.      Although the Maryland Rules permit a representative of your office to file a printed-out copy of an electronically transmitted juvenile petition, the rules do not authorize direct electronic filing with the clerk's office.


2.      Generally accepted principles of law allow a State's Attorney to use a facsimile signature, and this concept is broad enough to include the affixing of the signature electronically, so long as this is done only under the authority and control of the State's Attorney.


3.      The exercise of control implies the establishment of reasonable controls, akin to locking up a rubber stamp with a facsimile signature, to prevent unauthorized use.


# I

## Background


In your letter, you explained that the District Court in Montgomery County, which has jurisdiction over juvenile matters, is developing the capability of allowing the State's Attorney's Office to send petitions electronically to the clerk's office.  You describe the proposed procedure as follows: "[O]ur office would prepare petitions then 'commit' then electronically to the Clerk's Office

which is where they would be printed. As they are printed, the signature of the State's Attorney, ... which would be stored on a font, would be affixed to the petition."

## II

### Authority for Electronic Filing

Rule 1-322 applies generally to the filing of papers in all courts of the State. Rule 1-322(a) provides for filing in the traditional way, by lodging the original papers with the clerk of the court. This rule explicitly rules out most electronic filing: "No filing of a pleading or paper may be made by transmitting it directly to the court by electronic transmission, except pursuant to an electronic filing system approved under Rule 16-307." The latter rule deals with pilot projects in the circuit courts; it would not authorize electronic filing with the District Court. On the other hand, Rule 1-322(b) does allow photocopies or facsimiles to be filed with the court: "A photocopy or facsimile copy of the pleading or paper, once filed with the court, shall be treated as an original for all court purposes. The attorney or party filing the copy shall retain the original from which the filed copy was made for production to the court upon the request of the court or any party."

Under the present rule petitions prepared in your office can be transmitted electronically, including a digitized signature, to a computer under the control of your office (or an agent) near the District Court. Once printed out, the document would be the functional equivalent of a "photocopy" and could then be filed by a representative of your office with the court.

In our view, however, the current rule does not authorize the electronically transmitted petitions to be received at a computer in the clerk's office and filed directly by an employee of that office. If this limitation would seriously compromise the efficiencies contemplated under the new system, we suggest that the matter be brought to the attention of the Rules Committee of the Court of Appeals.

## III

### Electronically Transmitted Signature

A petition alleging delinquency or certain other matters is to be prepared and filed by the State's Attorney. The form of a petition and all other pleadings "shall be as specified in the Maryland Rules." §3-812(c) of the Courts and Judicial Proceedings Article.

The Maryland Rules require that a petition of this kind be "signed by the State's Attorney." Rule 11-103 a 3. Although the rules do not define what is meant by the term "signature," the Court of Appeals has pointed out that a signature need not always be inscribed manually. In a case concerning the State's Attorney's signature on a criminal information, the Court suggested that the signature could be a facsimile signature ) that is, one produced by mechanical means. *State v. Romulus*, 315 Md. 526, 538-39, 555 A.2d 494 (1989). In our opinion, the software that allows a

digitized signature to be imposed and printed out is no different in principle than a rubber stamp, which is evidently what the Court had in mind.

However, because the Court held in *Romulus* that a secretary had no authority to sign the State's Attorney's name, the implication is that a facsimile signature may be used only under the authority of the State's Attorney and that the State's Attorney may not acquiesce in a legally unauthorized affixing of the signature. Therefore, reasonable steps should be designed into the system to prevent misuse of the signature font. We are not able to consider the technical details of potential safeguards; we defer to your judgment about the adequacy of safeguards.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions and Advice*